UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA J. JENNINGS, } | 01 JUN -5 PM 3: 52 |
| } | |
| Plaintiff, } | DISTRICT COURT |
| } | N.D. OF ALABAMA |
| v. } | CASE NO. CV 99-B-0841-S |
| } | |
| KIMBERLY-CLARK } | |
| CORPORATION; KIMBERLY- } | **ENTERED** |
| CLARK EMPLOYEES' STANDARD } | |
| RETIREMENT PLAN } | JUN 5 2001 |
| } | |
| Defendants. } | |

### MEMORANDUM OPINION

This matter is before the court on defendants's Joint Motion for Summary Judgment filed April 30, 2001, and Joint Motion to Grant Their Joint Motion for Summary Judgment filed June 1, 2001. Upon consideration of the record, the submissions of defendants, and the relevant law, the court is of the opinion that defendants's Motions are due to be granted.

In this suit, plaintiff contends that defendants improperly denied her disability pension benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.

On April 30, 2001, defendants filed a Joint Motion for Summary Judgment in accordance with the court's Scheduling Order and Exhibit A entered November 6, 2000. Plaintiff was to file any evidentiary materials in opposition to defendants's Joint Motion for Summary Judgment and to submit a brief in opposition to the motion on or before May 21, 2001. Plaintiff did not file any evidence and did not submit a brief in opposition to the Joint Motion for Summary Judgment. Therefore, having received no opposition from plaintiff, this matter is now ripe for decision.

32

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) and (b). Once the moving party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and defendants are entitled to a judgment as a matter of law. Plaintiff has not come forward with **any** evidence, much less evidence showing a dispute as to any factual contention of defendants. Thus, plaintiff has not only failed to meet her burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex*, 477 U.S. at 324, but also, and most importantly, the facts and law applicable to this case warrant granting of summary judgment for defendants. Consequently, the

2

court holds that defendants's Joint Motion for Summary Judgment and Joint Motion to Grant Their Joint Motion for Summary Judgment are due to be granted.

**DONE** this 5th day of June, 2001.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge